IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

June 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9603-CC-00094 |
| | ) | |
| | ) | Williamson County |
| v. | ) | |
| | ) | Honorable Henry Denmark Bell, Judge |
| | ) | |
| JOHN M. AKE, | ) | (Aggravated Robbery and Theft) |
| | ) | |
| Appellant. | ) | |

### CONCURRING OPINION

I concur in the results reached in the lead opinion, but I disagree with its conclusion that the defendant's confession was properly obtained and admissible. I believe that we are bound by State v. Stephenson, 878 S.W.2d 530 (Tenn. 1994), to hold that under Article I, Section 9 of the Tennessee Constitution, an in-custody suspect's equivocal request for an attorney limits further police interrogation to the subject of clarifying the desire for counsel. If the clarification shows that the suspect is not requesting counsel, then the police may proceed with investigatory questioning. Such a clarification did not occur in this case.

In this respect, I am reluctant to agree with Judge Woodall's conclusion that the defendant made an unequivocal request for counsel, because we do not have the tape recording of the interrogation before us. Detective Campsey testified that the defendant's remarks were not taken by him as a request for counsel at that time, given the defendant's expression of concern for the codefendant. The trial court appears to indicate, in an unclear portion of the video record before us, that it recognized the defendant's statements as ambiguous. Under these circumstances and reviewing the

transcript of the interrogation, I am unable to conclude from that document, alone, that the defendant's statements constituted an unequivocal expression of his desire to have counsel present.

In Stephenson, a capital case, our supreme court dealt with an interrogation in which the defendant asked the interrogating agent whether the agent thought he needed an attorney. Stephenson claimed that this question was, at least, an equivocal invocation of his right to counsel that should have prohibited further questioning. As to the particular constitutional rights at issue, our supreme court stated that the "better argument is that he invoked the right to counsel that is encompassed in the right against self incrimination which is protected by the Fifth Amendment of the United States Constitution and Article I, § 9 of the Tennessee Constitution." 878 S.W.2d at 547.

In beginning its analysis, the court stated that neither it nor the United States Supreme Court had resolved the issue of what constitutes a valid invocation of the right to counsel by a suspect. Id. at 548. It noted, though, that "[m]ost courts, attempting to accommodate both the mandate of [Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966)] and the legitimate goals of law enforcement, have concluded that when a suspect makes an ambiguous or equivocal request for counsel, further questions by officers thereafter must be limited to clarifying the suspect's desire for an attorney," and referred to both sister state and federal circuit opinions. Id. Also, the court stated that its research revealed that other jurisdictions were evenly split as to whether a question about the officer's opinion of the suspect's need for counsel even constitutes an equivocal invocation of the right to counsel. In this respect, the court believed that what constitutes an equivocal invocation of the right to counsel must be determined on a case by case basis. Id.

Most importantly for our purposes in the present case, our supreme court concluded as follows:

> Because we agree that courts should give a broad interpretation to a suspect's request for counsel, we conclude that the defendant's question herein constituted an equivocal invocation of the right to counsel that limited further interrogation to questions clarifying his desire for an attorney. Agent Davenport clarified the defendant's ambiguous statement by informing Stephenson that an attorney was immediately available if he wished to consult with him. In response, the defendant, who twice previously had been advised of his rights, unambiguously asserted his desire to proceed without an attorney, stating "No, I'll just go ahead. I'm going to tell the truth." This response clearly indicated the defendant's desire to proceed without an attorney. As a result there was no violation of either the defendant's federal or state constitutional right to counsel.

Id. (emphasis added). To me, this issue analysis and decision by our supreme court constitutes a pronouncement of the law under our state constitution.

As the lead opinion notes, the United States Supreme Court subsequently concluded that procedural safeguards for the protection of rights under the Fifth Amendment to the United States Constitution did not require that an officer stop questioning upon an ambiguous invocation of the suspect's right to counsel. Davis v. United States, 512 U.S. 452, 114 S. Ct. 2350, 2355 (1994). Rather, questioning must stop only when the suspect communicates a desire for an attorney in such a sufficiently clear fashion that a reasonable officer would understand the statement to be a request for counsel. Id.

Obviously, to the extent our supreme court relied upon the Fifth Amendment in Stephenson to require clarification by the police when a suspect makes an ambiguous request regarding counsel, Davis now controls. However, to the extent our supreme court relied upon Article I, Section 9 of the Tennessee Constitution, Stephenson remains binding authority that we are obligated to follow. See, e.g., State v. Farmer, 927 S.W.2d 582, 593-94 (Tenn. Crim. App.), app. denied (Tenn. 1996)

3

(remanding case for hearing under Article I, Section 9 standard announced in Stephenson regarding equivocal requests for counsel limiting law enforcement questions to clarification of request).

On the other hand, the lead opinion in the present case chooses to follow a trail similar to the one taken in State v. Jack Jay North, Jr., No. 02C01-9512-CC-00369, Hardin County, slip op. at 31-32 (Tenn. Crim. App. Dec. 9, 1996), applic. filed (Tenn. Jan. 21, 1997), that ends with a conclusion that Stephenson is no longer the standard under our state constitution. The problem is that the trail from Stephenson to such a conclusion does not exist.

In both the lead opinion and North, much is made of our supreme court's opinion in State v. Huddleston, 924 S.W.2d 666 (Tenn. 1996) -- too much, in my opinion. In Huddleston, the court was confronted with a defendant who claimed that his response of "I ain't signing nothing" to a police request to sign a rights waiver form "constituted an invocation of his Fifth Amendment right to counsel which precluded further questioning outside the presence of his attorney." Id. at 669 (emphasis added). Our supreme court noted that Davis held that the invocation of the Fifth Amendment right to counsel pursuant to Miranda requires the use of an unambiguous request before police must cease questioning. Id. at 669-70. The court then applied the Davis standard to the facts and concluded that Huddleston never made an unambiguous request for counsel. It held that "[a]ccordingly, Huddleston's Fifth Amendment right to counsel claim is without merit." 924 S.W.2d at 670.

The lead opinion in the present case states that this court in North "noted that Huddleston cited Davis with approval." Actually, the North opinion states that our supreme court cited Davis "seemingly with approval . . . for the general proposition that if a suspect fails to make an unambiguous expression of his or her desire for an

4

attorney, then the police need not terminate their interrogation." North, slip op. at 32 (emphasis added). I respectfully disagree with any such interpretation of Huddleston.

In North, this court made no mention of the fact that the issue in Huddleston was raised, analyzed, and decided solely on the basis of the Fifth Amendment. In fact, a fair reading of Huddleston reflects that it did no more than apply United States Supreme Court case law to a federal constitutional claim, i.e., it exercised the legally required deference to the United States Supreme Court's authority on federal issues. There simply is nothing in Huddleston to warrant any inference that our supreme court was "seemingly" approving any "general proposition" supposedly espoused in Davis.

Although the lead opinion in the present case somewhat acknowledges that Huddleston was decided under the Fifth Amendment, it also concludes that our supreme court "approved the holding in Davis," attaching significance to the fact that the court "gave no indication that Article I, Section 9 of the Tennessee Constitution would require a different result." Again, as with North, I see nothing in Huddleston to support the lead opinion's reasoning. In fact, it is rather odd that our court sees significance in our supreme court's failure to address an issue that was not raised, an abstention that is greatly preferred by the appellate rules. See T.R.A.P. 13(b), Advisory Commission Comments. Rather, I believe that under our rules dealing with unraised issues, the failure to raise upon its own the issue of the state constitution indicates, at most, only that the supreme court did not see any Article I, Section 9 rights plainly implicated by Huddleston's response to the police.

Finally, our supreme court has previously stated that Article I, Section 9 is broader and more protective of individual rights than the Fifth Amendment relative to the test of voluntariness for self-incrimination purposes. See State v. Smith, 834

5

S.W.2d 915, 921 (Tenn. 1992); State v. Crump, 834 S.W.2d 265, 268 (Tenn. 1992). In addition, the supreme court in Stephenson specifically expressed its belief that courts should give a broad interpretation to a suspect's request for counsel. 878 S.W.2d at 548. Given this background, I do not believe that it is appropriate for us to apply a standard contrary to the one in Stephenson.

On the other hand, there is no doubt in my mind that the defendant would have been convicted without the statement being used as evidence. The web of verified circumstances and direct evidence inevitably and conclusively point to the defendant being the perpetrator. Therefore, I concur in results.

_____
Joseph M. Tipton, Judge

6